**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter Berry JOHNSON, a/k/a Buddy Johnson, and Robert Paul Estabrook, Defendants-Appellants.**

**No. 74-3566.**

United States Court of Appeals,
Fifth Circuit.

June 9, 1975.

Rehearing Denied July 29, 1975.

As Amended on Denial of Rehearing
July 21, 1975.

**93**

THORNBERRY, Circuit Judge:

Roger Lewis Marchant and Lawrie Cantrell, both members of the United States Army stationed at Fort Gordon, Georgia, spent the evening of March 12, 1974 in nearby Augusta, Georgia. They were waiting for the 11:50 p. m. bus back to Fort Gordon when Robert Paul Estabrook approached them, offering to drive them back to the base. The couple accepted and got into the back seat of his car. A few minutes later, Walter Berry Johnson joined the three, and Estabrook drove off. Instead of proceeding back to Fort Gordon, Estabrook drove in the opposite direction toward the bridge leading to South Carolina. Marchant and Cantrell protested in vain, and the car eventually stopped on a dirt road in a deserted area of South Carolina. The couple jumped out of the car, and started to walk back toward a highway, but Estabrook and Johnson followed them in the car. When Marchant told Estabrook and Johnson that he and Lawrie were leaving and the MPs would eventually catch up with them, Estabrook jumped out of the car and assaulted Marchant. Then Johnson forced Lawrie into the back seat of the car and raped her. Early in the morning of March 13, 1974, the four returned to Augusta. When the car stopped, Marchant and Cantrell jumped out, ran into a local restaurant and phoned the police.

A grand jury indicted Estabrook and Johnson, charging each with two counts of kidnapping in violation of 18 U.S.C. § 1201(a)(1).[1] A jury found both men guilty as charged, and the trial judge imposed five year sentences. Estabrook and Johnson now challenge their convictions on several grounds, but we reject their claims of error and affirm.

Both appellants charge severe prejudice to their defense from the government's failure to provide a transcript of Johnson's preliminary hearing.[2] John-

O. Torbitt Ivey, Jr., Augusta, Ga. (Court appointed), for Johnson.

Larry E. Maioriello, Augusta, Ga. (Court appointed), for Estabrook.

R. Jackson B. Smith, Jr., U. S. Atty., Elizabeth C. Calhoun, Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before GIBSON *, THORNBERRY and AINSWORTH, Circuit Judges.

* Of the Eighth Circuit, sitting by designation.

1. § 1201. Kidnaping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when:

(1) the person is willfully transported in interstate or foreign commerce . . . .

2. The government challenges Estabrook's standing to raise this point. We pretermit consideration of that question in view of our rejection of this claim on the merits.

son's preliminary hearing took place before a magistrate on March 22, 1974, at which time his attorney requested a verbatim transcript of the proceedings in accordance with 18 U.S.C. § 3060(f).[3] It is undisputed that the magistrate failed to provide the requested transcript. The reason for the default is hotly disputed. The government attributes his failure to defects in the recording instruments or the tapes. Johnson and Estabrook assert that the magistrate wilfully obstructed defense preparations by deliberately refusing to comply with § 3060(f). Even assuming appellants' version of these events to be true, reversal is not mandated in this case.

 The preliminary hearing exists purely to determine if there is probable cause to detain the accused pending a grand jury hearing. United States v. Coley, 441 F.2d 1299 (5th Cir. 1971), cert. denied, 404 U.S. 867, 92 S.Ct. 85, 30 L.Ed.2d 111 (1971). It is true that discovery is an incidental benefit of the proceeding. United States v. Anderson, 481 F.2d 685 (5th Cir. 1973), aff'd, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 21 (1974). But it is only an incidental benefit. Appellants charge that Lawrie Cantrell's preliminary hearing testimony contained numerous statements inconsistent with her trial testimony. Yet, Johnson's counsel actually received the tapes four days prior to trial. Further, Johnson had the same attorney at the preliminary hearing and the trial, and counsel for both appellants had full opportunity for cross-examination at trial. Conceivably providing a full preliminary hearing transcript could have made cross-examination of Ms. Cantrell more effective. But neither appellant points out specific inconsistent statements or makes any other specific showing of prejudice from the magistrate's default. Accordingly reversal on this basis would be improper.

 Both appellants claim that their actions on the evening in question, while reprehensible, fell outside the ambit of the federal kidnapping statute. They rely heavily on Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198 (1946), asserting that the facts of this case present the same type of situation. But examination of the Chatwin facts belies their assertion.

In Chatwin, the government charged three Mormon Fundamentalists members with the kidnapping of a fifteen year old girl. The fundamentalist cult sanctions plural or "celestial" marriages, and the three convinced the girl that plural marriage was essential to her salvation. Upon her conversion, she entered into a cult marriage with Chatwin. Strongly disapproving the arrangement, the girl's parents turned her over to Utah juvenile authorities. But she escaped, went to Mexico to marry Chatwin, then hid with him in Arizona for two years. The Supreme Court reversed the Federal kidnapping convictions, finding that the government had failed to establish an essential element of the kidnapping offense—confinement against the victim's will. Mr. Justice Murphy stated: "Nothing indicates that she was deprived of her liberty, compelled to remain where she did not wish to remain, or compelled to go where she did not wish to go." 326 U.S. at 460, 66 S.Ct. at 235.

Estabrook and Johnson argue that there was no involuntary seizure and detention here in the present case. To support this contention they point to the absence of weapons and lack of affirmative physical action. But the direct trial testimony of Roger Marchant and Lawrie Cantrell supports the jury's implicit finding to the contrary. While Estabrook and Johnson disputed the testimony, resolution of that conflict was the jury's responsibility.

Appellants also make a more general attack on their convictions. They assert that the government not only failed to prove involuntary detention, but failed

**3.** "Proceedings before United States magistrates under this section shall be taken down by a court reporter or recorded by suitable sound recording equipment. A copy of the record of such proceedings shall be made available at the expense of the United States to a person who makes affidavit that he is unable to pay or give security therefor . . . .."

to establish the other essential elements of the kidnapping offense as well. Given the direct testimony of the victims in the case, this argument is frivolous.

Section 1201 requires the government to prove beyond a reasonable doubt: (1) transportation interstate; (2) lack of consent; (3) holding for ransom, reward, or otherwise; and (4) that the acts in question were done knowingly or willfully. Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968). The interstate transportation element is not in dispute, and there is no question of sufficiency of the evidence on knowledge or willfulness. The contention that there was no involuntary detention has already been disposed of above. As to the third element, appellants claim that the victims Roger and Lawrie were not held "for ransom, reward, or otherwise." But the Supreme Court rejected the identical argument in United States v. Healy, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). Appellants in that case argued that the federal kidnapping statute punished only kidnappings for an otherwise illegal purpose. The Court approved two circuit court decisions making the kidnapper's ultimate purpose immaterial and stated: ". . . we find no compelling correlation between the propriety of the ultimate purpose sought to be furthered by a kidnapping and the undesirability of the act of kidnapping itself." 376 U.S. at 82, 84 S.Ct. at 557. See also United States v. DeLaMotte, 434 U.S. 289 (2d Cir. 1970), cert. denied, 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971); Gawne v. United States, 409 F.2d 1399 (9th Cir. 1969), cert. denied, 397 U.S. 943, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970).

The testimony of Roger Marchant and Lawrie Cantrell provided a sufficient basis for the jury to find that the government had established all elements of the kidnapping offense beyond a reasonable doubt. Viewing the evidence in the light most favorable to the government, we find no basis for interfering with that determination.

Affirmed.