**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles COPLEY, Defendant-Appellant.**

**No. 85–3010.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 26, 1985.

Decided Oct. 17, 1985.

Sam B. Weiner (argued), Columbus, Ohio, for defendant-appellant.

Richard D. Letts (argued), Asst. U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

MERRITT, Circuit Judge.

A computer error caused defendant to remain in county jail for over 70 days after state robbery charges against him had been dropped, and while federal charges of unarmed bank robbery were pending against him. Defendant filed a motion to dismiss the federal indictment against him on the grounds that the government violated his right to a speedy trial under 18 U.S.C. § 3161(b) and the Fifth and Sixth Amendments of the United States Constitution. After an oral hearing on the motion, the District Court issued a memorandum and order denying defendant's motion. Defendant entered a conditional guilty plea, subject to his right to appeal his speedy trial claim. We affirm the judgment of the District Court.

Defendant was arrested on April 26, 1984, pursuant to an arrest warrant issued by the Columbus Police Department for robbery, in violation of the Ohio Revised Code. On April 27, 1984, bond was set and a hearing date set for May 4, 1984. Defendant was unable to make bond and was incarcerated in the County Jail. On May 1, 1984, the United States Marshal's office filed a detainer with the Franklin County Sheriff's Department requesting that, at the conclusion of the state proceedings, the defendant be released to the custody of the United States Marshal. The Deputy Marshal did not serve defendant personally with the detainer.

On June 7, 1984, the Franklin County Grand Jury returned a No Bill as to the state charges against defendant. Due to an error, the Franklin County Jail computer did not reflect the information that state bank robbery charges had been dismissed against defendant. Thus, on numerous occasions when federal officials called the County Jail to find out whether defendant was still being held on state charges, they were informed that the state charges were still pending.

On August 16, 1984, the federal grand jury indicted defendant on one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). On August 30, 1984, the U.S. Marshal's office was notified that state robbery charges against defendant had been no billed on June 7, 1984. The U.S. Marshals picked up defendant at the county jail for arraignment before a magistrate that same day.

The oral hearing on defendant's motion to dismiss the indictment was held on October 11, 1984, and October 12, 1984. Defendant reserved his right to appeal his plea pursuant to Fed.R.Crim.P. 11(a)(2). On December 14, defendant was sentenced to ten years in prison.

Under the Speedy Trial Act, "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (1982).

The Act further provides:

If in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped...." [1]

18 U.S.C. § 3162(a)(1) (1982).

The crux of defendant's argument is that the detainer filed in the Franklin County

---

**1.** There appears to be an inconsistency in the language of the statute in that under the time limit section of § 3161(b), the triggering event is the arrest or service of summons. Under the sanctions section of § 3162(a)(1), the Act refers to the filing of a complaint as the starting point. Courts have construed the applicable starting point under § 3162(a)(1) to be the point of arrest. *See United States v. Pollock,* 726 F.2d 1456 (9th Cir.1984); *United States v. Shahryar,* 719 F.2d 1522 (11th Cir.1983). Since the complaint is merely a document on which action

may or may not be taken, and on which notice may not be given the accused, it is correct to construe § 3162(a)(1) as operating from the date of arrest or summons rather than the complaint. This construction comports with the general description of the Act found in the legislative history, which explains the sanctions section: "This sanction applies to both the period between arrest and indictment and between indictment and trial." *See* H.R.Rep. No. 93–1508,

Jail on May 1, 1984 functioned as a federal arrest after state charges against defendant were dropped on June 7, 1984, because the detainer was in fact the only legal basis for the state's retaining custody of him after that time. Because the indictment was not filed until well after thirty days beyond June 7, 1984, defendant argues that his statutory rights were violated.[2]

Numerous courts have held that only federal arrest, as distinct from state arrest, triggers the protections of the Speedy Trial Act. *See United States v. Shahryar*, 719 F.2d 1522 (11th Cir.1983); *United States v. Janik*, 723 F.2d 537, 542 (7th Cir.1983); *United States v. Iaquinta*, 674 F.2d 260 (4th Cir.1982); *United States v. Mejias*, 552 F.2d 435 (2d Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977). It is undisputed that defendant was initially taken into custody pursuant only to a state arrest.

To define a federal arrest for purposes of the Speedy Trial Act, courts have held uniformly that "one was not arrested within the intendment of the Speedy Trial Act until he be taken into custody after a federal arrest for the purposes of responding to a federal charge." *United States v. Iaquinta*, 674 F.2d at 266 (citing *United States v. Leonard*, 639 F.2d 101, 103–104 (2d Cir.1981)). In defining what constitutes an arrest in general, this Court has reasoned that an arrest occurs when law enforcement officials effect a significant deprivation of an individual's liberty. *See United States v. Canales*, 572 F.2d 1182 (6th Cir.1978). The task on appeal, then, is to determine whether the federal detainer served to significantly restrain defendant's liberty for purposes of responding to a federal charge.

The District Court found as a matter of fact that the State continued to hold defendant after the No Bill was returned on June 7, 1984, not because of the detainer, but because the State was unaware of the No Bill. The State's basis for holding the defendant was its mistaken belief that state charges were still pending against defendant. As a matter of fact, then, the Court found that the State was not holding defendant for the purposes of responding to federal charges. The record clearly supports the District Court's finding on this issue. Had the State been aware of the dropped charges and continued to hold defendant under the authority of the detainer, different considerations would apply. Here, the State simply erroneously continued its custody pending notification of the disposition of the state charges.

There is no indication that the detainer was used in this case as a device to temporarily restrain Copley while federal authorities contemplated bringing charges. *See United States v. Cordova*, 537 F.2d 1073, 1076 & n. 2 (9th Cir.) (per curiam), *cert. denied*, 429 U.S. 960, 97 S.Ct. 385, 50 L.Ed.2d 327 (1976); *United States v. Cabral*, 475 F.2d 715, 718 (1st Cir.1973). Thus, the detainer was not used by the federal authorities as a request that the Columbus Police Department hold Copley to answer for federal charges, but rather was used as a request that the Columbus Police Department notify the United States Marshal's office when Copley's release was imminent. *See Carchman v. Nash,* —— U.S. ——, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985) (detainer may act either as a request to hold the suspect for the agency or as a request to notify the agency when release is imminent). Accordingly, since the detainer in this case was not the source of the significant limitation of liberty ef-

93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 7401, 7416.

**2.** Defendant argued in the court below that his Fifth and Sixth Amendment rights were violated as well. The Supreme Court in *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971), has held that the Sixth Amendment right to a speedy trial does not apply to any delay prior to either arrest or

indictment. Under the Fifth Amendment, a violation can be proved if the defendant has suffered actual and substantial prejudice to his right to a fair trial and if the government's delay was either negligent or a deliberate attempt to gain a tactical advantage. *Id.* The court ruled against him on these grounds, and defendant does not appeal on his constitutional theory.

fected by defendant's state custody, we hold that the detainer was not the functional equivalent of a federal arrest for Speedy Trial Act purposes.

Defendant also argues that the government violated his right to receive notice of the detainer under 18 U.S.C. § 3161(j)(1)(B) and 18 U.S.C. § 3161(j)(2). We do not reach this issue, since defendant did not raise it in the Court below, either in the pleadings or at the hearing.

Accordingly, the judgment of the District Court is affirmed.