**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Monnie M. WESSON,
Defendant/Appellant.**

**No. 85–1134.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1985.

Decided Jan. 8, 1986.

As Amended on Denial of Rehearing
Feb. 24, 1986.

**1444**

Charles F. Hyder, Susan Ehrlich, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff, appellee.

Jose A. de la Vara, Phoenix, Ariz., for defendant, appellant.

Before BROWNING, Chief Judge, SNEED and HUG, Circuit Judges.

PER CURIAM:

Appellant Wesson, a long-haul truck driver, took his niece, Tonya Ramirez, nephew, Frank Ramirez, and niece's friend, Patricia Walton, along with him on one of his trips. He had intercourse with Patricia Walton and beat her repeatedly. He was convicted of kidnapping, 18 U.S.C. § 1201(a)(1) (1982), unlawful possession of a firearm, 26 U.S.C. §§ 5861(d), 5871 (1982), and interstate transportation and coercion or enticement of a female, 18 U.S.C. §§ 2421–2422 (1982).

■ Wesson disputes the sufficiency of the evidence to support a conviction under 18 U.S.C. § 1201 (1982), arguing that because Ms. Walton and her parents consented to her trip, she was not kidnapped. Neither Ms. Walton nor her parents consented to the kind of trip eventually undertaken. Moreover, Ms. Walton was of an age capable of having a recognizable will, see *Chatwin v. United States*, 326 U.S. 455, 460–62, 66 S.Ct. 233, 235–37, 90 L.Ed. 198 (1946), and although she may have agreed initially, she testified she later wanted to go home and told the defendant of her desires. She testified she continued on the journey despite being raped and beaten because she was terrified of the consequences if caught trying to escape.

Appellant also argues that the government did not carry the burden of proving beyond a reasonable doubt that appellant kidnapped Ms. Walton "for the purpose of sexual gratification" as alleged in the indictment. The contention is frivolous.

■ Appellant contends the evidence was insufficient to establish that the purpose of the interstate transportation was prostitution, debauchery or other immoral purpose as required by 18 U.S.C. §§ 2421 and 2422 (1982). The testimony revealed frequent sexual intercourse with Ms. Walton. There was also uncontroverted evidence that he offered her services in prostitution over the C.B. radio. Appellant Wesson crossed several state lines while engaging in this immoral conduct. This was sufficient to support the conviction despite evidence that appellant was also engaged in moving commercial freight. *See United States v. Snow*, 507 F.2d 22, 24 (7th Cir. 1974) ("[T]he appropriate inquiry is not merely his reason for making the trip but, more precisely, his reason for taking a female companion with him.")

■ Appellant argues that Dr. McGarey's testimony that Ms. Walton's injuries were not consistent with consensual intercourse was irrelevant. However, appellant argues on appeal that at least some of his intercourse with Ms. Walton was voluntary, and appellant's brother and sister-in-law testified that while in Delano appellant and Ms. Walton displayed affection toward one another. Dr. McGarey's expert opinion may have aided the jury in determining the credibility of Ms. Walton's claim that the intercourse was nonconsensual. It may also have assisted the jury in determining whether Wesson's conduct constituted "debauchery" within the meaning of 18 U.S.C. §§ 2421–2422 (1982). *See* Fed.R.Evid. 702.

AFFIRMED.