UNITED STATES of America,
Plaintiff-Appellee,

v.

Patrick Thomas REDMOND,
Defendant-Appellant.

No. 85–3191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1986.

Decided Oct. 22, 1986.

Leslie K. Baker, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Stephen R. Sady, Asst. Federal Public, Portland, Or., for defendant-appellant.

Before WRIGHT, GOODWIN and NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Redmond appeals his conviction for kidnapping. He contends the evidence was insufficient in light of the indictment, and the government violated the Speedy Trial Act. We find these contentions without merit and affirm his conviction.[1]

BACKGROUND

A five-year-old girl disappeared from a swimming pool in Milton-Freewater, Oregon. A witness observed the child leaving

---

1. Other issues raised by Redmond's appeal are disposed of by *United States v. Redmond,* 804 F.2d 146 (9th Cir., 1986), a memorandum disposition filed simultaneously with this opinion.

the pool with Redmond. After Redmond invited her to have an ice cream cone, she got into his car. He drove her to Salt Lake City where he left her in a park after sexually abusing her.

Ogden police turned Redmond over to FBI agents for a short time after his arrest. Federal charges were not filed and Redmond was returned to Utah police. He was held as a state parole violator in Utah and Washington until he was taken into custody by the United States Marshals Service.

A jury convicted Redmond on one count of kidnapping and he was sentenced to life in prison.

ANALYSIS

A. *Sufficiency of the Evidence Under the Indictment*

Redmond argues that he should have been acquitted because the government alleged a physical taking and proved only a nonphysical one. He relies on the distinction between physical and nonphysical takings set forth in *United States v. Macklin*, 671 F.2d 60 (2d Cir.1982). The Second Circuit stated in *Macklin* that seizing, confining, kidnapping, abducting, and carrying away involve a physical or bodily carrying away, while inveigling or decoying involve nonphysical takings by which the kidnapper lures the victim into accompanying him. *Id.* at 65–66. The government failed to include the terms inveigling or decoying in the indictment.

The Ninth Circuit has not previously addressed the distinction set forth in *Macklin* and we need not do so now. We do note that 18 U.S.C. § 1201(a) makes no such distinction [2] and the distinction is of little

analytical value, at least in this case. We evaluate the sufficiency of the evidence in light of the wording of the indictment [3] and the relevant statute, rather than debate whether or not the taking was physical.

We must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the elements of the crime charged in the indictment beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Federico*, 658 F.2d 1337, 1343 (9th Cir.1981).

The evidence shows that Redmond confined the victim, by means of handcuffs and otherwise, while holding her for his sexual gratification and transporting her across state lines. Although he originally inveigled the victim into accompanying him by promising her ice cream, he later confined her by force. The fact that one originally accompanies another without being forced does not prevent the occurrence of a kidnapping where force is later used to seize or confine the victim. *See United States v. Wesson*, 779 F.2d 1443 (9th Cir. 1986); *United States v. Johnson*, 514 F.2d 92 (5th Cir.), *cert. denied*, 423 U.S. 1020, 96 S.Ct. 459, 47 L.Ed.2d 344 (1975). The subsequent use of force by Redmond brought him within the ambit of the indictment.

Several witnesses identified Redmond. One, a motel owner, testified to the car license number. A woman and her daughter saw Redmond with the victim. The girl's fingerprint was found in his car.

2. 18 U.S.C. § 1201(a) provides in relevant part: Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when:
    (1) the person is willfully transported in interstate or foreign commerce.... shall be punished by imprisonment for any term of years or for life.

3. The relevant portion of the indictment reads: On or about July 9, 1985 at Milton-Freewater, Umatilla County, Oregon, in the District of Oregon, PATRICK THOMAS REDMOND, defendant herein did unlawfully and knowingly seize, confine, kidnap, abduct, carry away and hold [a victim] for ransom, reward and otherwise, to-wit: for the sexual gratification of said PATRICK THOMAS REDMOND, and PATRICK THOMAS REDMOND did willfully transport [the victim] in interstate commerce from the State of Oregon to the State of Utah; all in violation of Title 18 United States Code, Section 1201.

Other physical and scientific evidence corroborated the testimony of the victim and other witnesses. A medical examination revealed evidence of sexual abuse. The evidence was clearly sufficient for the jury to find Redmond guilty of kidnapping.

### B. *Speedy Trial Act*

Redmond argues that the indictment should have been dismissed because it was not filed within 30 days from his arrest as required by the Speedy Trial Act.[4]

Section 3161(b)[5] requires the filing of an indictment within 30 days of arrest. Noncompliance with this time limit results in mandatory dismissal of the complaint under section 3162(a)(1).[6] The trial court must decide whether the dismissal should be with or without prejudice. 18 U.S.C. § 3162(a)(1). *See also United States v. Pollock*, 726 F.2d 1456, 1463 (9th Cir.1984).

■ Regardless of the degree of federal involvement, only a federal arrest will trigger the running of the 30–day time period under section 3161(b). *United States v. Manuel*, 706 F.2d 908, 915 (9th Cir.1983); *United States v. Adams*, 694 F.2d 200, 202 (9th Cir.1982), *cert. denied*, 462 U.S. 1118, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983). Redmond asserts that he was arrested by federal officers on July 11, 1985, when an FBI agent transported him from state custody to the United States Marshals Service in anticipation of federal charges. He was returned to state custody on that day. Federal charges were not filed until his indictment on August 13, 1985, 33 days after the alleged federal arrest.

■ Even assuming Redmond was under federal arrest on July 11,[7] section 3161(b) was not violated. The period between July 11 and August 13 was excludable from the 30–day time limit under section 3161(h)(1).[8]

Redmond was in state custody from July 11 to August 13 in connection with parole revocation proceedings. The delay resulting from these proceedings, as in probation revocation proceedings, is excluded by section 3161(h)(1). *Cf. United States v. Lopez-Espindola*, 632 F.2d 107, 110–11 (9th Cir.1980) (probation revocation proceedings); *accord United States v. Rodriguez-Franco*, 749 F.2d 1555, 1558–59 (11th Cir.1985).

---

**4.** 18 U.S.C. § 3161, *et seq.*

**5.** Section 3161(b) provides in relevant part:

Any information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested or served with a summons in connection with such charges.

**6.** Section 3162(a)(1) provides in relevant part:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

**7.** Courts have found that a person is not arrested for purposes of the Speedy Trial Act until he is taken into custody after a federal arrest for the purpose of responding to a federal charge. *United States v. Iaquinta*, 674 F.2d 260, 266 (4th Cir.1982) (citing *United States v. Leonard*, 639 F.2d 101, 103–04 (2d Cir.1981), later app 719 F.2d 83 (4th Cir.

1983)). Whether an arrest has occurred depends on a consideration of all surrounding circumstances, including the deprivation of individual liberty. *United States v. Beck*, 598 F.2d 497, 500–01 (9th Cir.1979) (citation omitted); *see also United States v. Copley*, 774 F.2d 728, 730 (6th Cir.1985) (citation omitted), *cert. denied*, — U.S. —, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). It is doubtful that Redmond's brief detention by the FBI constituted a federal arrest because he was taken from and returned to state custody without federal charges being filed. It is more likely that the Speedy Trial Act time limits were triggered by his indictment. *See United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir.1986).

**8.** Section 3161(h) provides in relevant part:

The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to ...

[sets out examples]

Because of the excludable time, there was no preindictment delay[9] and section 3161(b) was not violated.

The conviction is AFFIRMED.

---

**9.** The 30–day limit from arrest to indictment is calculated by adding 30 days to the date of arrest, including weekends and holidays, but not the date of arrest itself. *See United States v. Pollock,* 726 F.2d 1456, 1460 n. 6 (9th Cir.1984).