872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiffs-Appellees,
v.
Ollie B. LEFLORE, Defendant-Appellant.
 No. 88-1426.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Ollie E. LeFlore appeals from his conviction under 18 U.S.C. Secs. 751 and 4082(d) for escaping from the custody of the Attorney General. Appellant argues that he was denied effective assistance of counsel by his counsel's failure to move for dismissal based on a violation of the Speedy Trial Act. 18 U.S.C. Secs. 3161 et seq. For the following reasons, we affirm the judgment of the district court.
 
 I.[1]
 
 2
 On April 19, 1983, an arrest warrant was issued for appellant's escape from the custody of the Attorney General. Appellant was arrested on state charges on January 13, 1984. At that time, there were two unrelated federal warrants outstanding against appellant: one on drug charges and one on the escape charge. On February 9, 1984, a deputy United States Marshal mistakenly executed the escape charge arrest warrant in the process of bringing appellant before a United States Magistrate. Pursuant to the action of the marshal, the appellant appeared before the magistrate to be arraigned on drug charges that same day. Appellant appeared before another magistrate on February 17, 1984. At this hearing, the drug charges were dropped. A bail hearing was held on February 21, 1984 and a preliminary examination was held on March 2, 1984. On March 21, 1984, the grand jury indicted appellant on one count of escape. Appellant was convicted on May 22, 1984.
 
 
 3
 Appellant asserts that he was in federal custody on the escape charge on February 9, 1984 and that the Speedy Trial Act was violated when he was not indicted within thirty days of that date.[2] He argues that his trial counsel was constitutionally ineffective due to his failure to move for dismissal of the charges against him based on this alleged Speedy Trial Act violation.
 
 
 4
 The instant case is before this court for the second time. In United States v. LeFlore, No. 85-1010 (6th Cir. May 7, 1987) this court remanded this case to the district court for a development of the record concerning the alleged speedy trial violation and its relation to the ineffective assistance of counsel claim.
 
 
 5
 On remand, the district court found that appellant was first under arrest on the escape charge on February 17th and determined that the filing of the indictment on March 20 did not violate the Speedy Trial Act[3] and, therefore, appellant's counsel was not constitutionally ineffective.[4]
 
 II.
 
 6
 This case turns on the determination of when appellant was in federal custody on the escape charge. Under the Speedy Trial Act, an individual charged with a federal offense must be indicted within thirty days of the date on which the individual was arrested or served with a summons in connection with the charges. To define a federal arrest for purposes of the Speedy Trial Act, courts have uniformly held that one is not arrested within the intendment of the Speedy Trial Act until he is taken into custody after a federal arrest for the purposes of responding to a federal charge. United States v. Copley, 774 F.2d 728, 730 (6th Cir.1985).
 
 
 7
 Concerning the issue of when appellant was first in federal custody on the escape charge, the district court made the following findings:
 
 
 8
 A preponderance of the available evidence indicates that the United States Marshal brought defendant before the magistrate on a warrant for his arrest on the escape charge. A review of the transcript of the proceedings of February 9, 1984, however, makes it abundantly clear that neither the government, the defendant, nor the magistrate believed that LeFlore was then in custody on an escape charge, or on any charge other than the drug charge. In point of fact, therefore, defendent was not yet under arrest for the escape charge. The magistrate specifically stated that if the government dropped the drug charge, the defendant would then be free to go (back to state custody). The only thing standing between defendant and his unconditional release from federal custody was the drug charge. Had there been any point in the magistrate setting bond and had bond been posted, defendant would have been released from federal custody on the strength of his pledge to appear on the drug charge only. Thus, he could not have been, and in fact was not, under arrest on the escape charge on February 9, 1984.
 
 
 9
 Findings of the district court will not be overturned unless they are clearly erroneous. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1984).
 
 
 10
 Although the district court was faced with the return of the escape charge arrest warrant, which was dated February 9, 1984, it found based on a review of the transcript of the February 9th hearing before the magistrate that all parties believed that appellant was appearing on the drug charges only. Based on our review of the record, we do not believe that the district court's finding that appellant did not make an appearance on the escape charge on February 9th is clearly erroneous. Accordingly, appellant was not denied effective assistance of counsel, since no Speedy Trial Act violation occurred.
 
 
 11
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 12
 MERRITT, Circuit Judge, concurring.
 
 
 13
 Although I do not agree that we can affirm the district court on the ground that the record permits a finding that the defendant was arrested on February 17, 1984, rather than February 9, 1984, I would affirm the district court on the alternative ground described in footnote 4 of the court's opinion.
 
 
 
 [1]
 Since this appeal involves the discrete issue of whether appellant's counsel was constitutionally ineffective due to a failure to move for dismissal based on a Speedy Trial Act violation, only the facts relevant to the Speedy Trial Act claim will be presented
 
 
 [2]
 The Speedy Trial Act mandates that: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. Sec. 3161(b). Failure to comply with section 3161(b) will result in the dismissal of the charge. 18 U.S.C. Sec. 3162(a)(1)
 
 
 [3]
 Although there are thirty-two days between February 17th and March 20th, the district court excluded the days of appellant's bail hearing and preliminary examination pursuant to 18 U.S.C. Sec. 3161(h)(1). Appellant does not contest the exclusion of this time from the Speedy Trial Act calculation
 
 
 [4]
 The district court concluded, alternatively, that even if the indictment was untimely, the court would have dismissed the charge without prejudice. Based on this conclusion the court held that appellant would not have been prejudiced by the failure to seek dismissal and therefore he was not denied effective assitance of counsel. Because we believe that the district court's finding that appellant was arrested on the escape charge on February 17th is not clearly erroneous, we express no opinion on the correctness of this alternative holding