936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Glenn ESPINOZA, Defendant-Appellant.
 No. 90-4163.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1991.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 Defendant John Glenn Espinoza pleaded guilty to knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). He reserved his right to appeal the court's denial of his motion to dismiss based on speedy trial grounds, and this appeal raises that issue.
 
 
 2
 Defendant asserts that he was being released from jail on charges filed against him in Utah state court when he was informed that he could not leave because of a federal detainer. He further alleges that he was held in federal custody from February 16, 1990, until his arraignment before a federal magistrate on July 5, 1990. This is the delay he alleges violated his right to a speedy trial. The district court adopted the following finding made by the magistrate who held an evidentiary hearing on the matter:
 
 
 3
 Plaintiff in his memorandum in support of his motion states that he was freed on bail and checked out of the jail on the state charge, however, when the jail was served with the detainer he was placed back in jail. This is not evidence and is contrary to other evidence. No affidavit or testimony supports this conclusion. The defendant was a sentenced state prisoner when he was brought before this court on July 5, 1990. He had plead [sic] guilty and was sentenced by a Utah court on June 15, 1990.... Prior to that time the defendant was totally in state custody. Defendant has offered no credible evidence that justifies a finding or conclusion that defendant was arrested at the time of the service of the detainer or that he was kept in custody pursuant to any federal process.
 
 
 4
 I R. tab 20 at 5 (Magistrate's Report and Recommendation).
 
 
 5
 These are fact findings subject to review under a clearly erroneous standard. See United States v. Maher, 919 F.2d 1482, 1485 (10th Cir.1990). After reviewing the record, including a transcript of the hearing before the magistrate, see I R.Supp., we find no clear error in the magistrate's finding, adopted by the district court, that defendant was held in state custody until his June 15, 1990, sentencing on the state charge. Accordingly, defendant's claim that he was not indicted within thirty days after his arrest, as required by 18 U.S.C. Sec. 3161(b), must fail. Section 3161 has no application to the instant case because defendant was indicted before being taken into federal custody under the writ of habeas corpus ad prosequendum on July 5. See United States v. Adams, 694 F.2d 200, 202 (9th Cir.1982), cert. denied, 462 U.S. 1118 (1983). The federal detainer against defendant while he was in state custody is not an arrest for purposes of Sec. 3161(b). See United States v. Copley, 774 F.2d 728, 730 (6th Cir.1985), cert. denied, 475 U.S. 1049 (1986). Thus we agree with the government that no right protected by 18 U.S.C. Sec. 3161 or protection afforded by Fed.R.Crim.P. 5 or 9 was denied to defendant in the instant case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3