966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lester PAYNE, Defendant-Appellant.
 No. 91-6065.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Robert Lester Payne, appeals an Order of the United States District Court for the Western District of Kentucky at Louisville, which denied his Motion To Dismiss pursuant to 18 U.S.C. § 3161(b), the Speedy Trial Act. Defendant had been indicted on two counts, viz., 1) violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), possession of a firearm after having been convicted of a crime punishable by more than one year imprisonment; and, 2) violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), possession of five rounds of 12 gauge shotgun ammunition after having been convicted of a crime punishable by more than one year imprisonment. Under the terms of a plea arrangement, defendant pleaded guilty to Count One pursuant to FED.R.CRIM.P. 11(e)(1)(C). Defendant was sentenced to five years (180 months) imprisonment on Count One while Count Two was dismissed. Defendant filed a timely Notice of Appeal. Defendant's contention's on appeal are not well taken, therefore, we affirm the order of the District Court.
 
 I.
 
 2
 On May 19, 1989, Chief United States Magistrate Judge George J. Long issued a search warrant for defendant, his residence, and his two vehicles. The warrant was executed by Federal Agent Michael Scanlan of the Bureau of Alcohol, Tobacco and Firearms (ATF) along with other federal agents and also Detective Alan Wolfe of the Jefferson County Police Department and Detective Dene Ashcroft and Tim Royce of the Louisville Police Department. During the search of one of the vehicles a .32 caliber pistol and ammunition was discovered.
 
 
 3
 Defendant was arrested by Jefferson County Police Detective Wolfe for possession of a handgun by a convicted felon in violation of Kent.Rev.Stat. 527.040. On August 22, 1989, defendant was indicted in Jefferson County Circuit Court.
 
 
 4
 Subsequently, on December 4, 1989, Defendant was indicted in federal court. The state charges were dropped on June 19, 1990. Defendant, who was not being held, was arrested in Tennessee and brought into federal court on September 6, 1990. On January 2, 1991, defendant moved to dismiss the indictment claiming his arrest on May 19, 1989 was for all practical purposes a federal arrest since it arose from a federal search warrant. Hence, defendant claimed since he was not indicted within thirty days, the indictment must be dismissed as required by 18 U.S.C. § 3161(b), the Speedy Trial Act. The District Judge held defendant was arrested by the State of Kentucky and not by federal authorities, therefor, the Speedy Trial Act did not apply. Accordingly, he denied defendant's Motion to Dismiss.
 
 II.
 
 5
 Defendant contends that the circumstances of the arrest constituted a federal arrest. Defendant argues the investigation which resulted in his arrest was conducted by agents of the Bureau of Alcohol, Tobacco and Firearms. In fact, it was ATF agent Scanlan who prepared a written affidavit to support the issuance of the search warrants. The affidavit was presented to a United States Magistrate by a United States Attorney. Federal search warrants were then issued. Defendant concedes he was taken into custody by Detective Wolfe of the Jefferson County Police Department although he notes the .32 caliber gun was taken by ATF agent Scanlan.
 
 
 6
 Defendant posits that the Sixth Circuit has never defined what factors constitute a federal arrest for purposes of the Speedy Trial Act. Defendant claims, however, that his arrest had all the incidents of a federal arrest, therefore, the federal government was required to indict defendant within thirty days of his arrest. Since the indictment was almost seven months later, defendant argues the district court erred by not granting his Motion to Dismiss.
 
 
 7
 Contrary to defendant's contentions, this court has addressed this issue before holding as follows:
 
 
 8
 A defendant is not "arrested" for purposes of the Speedy Trial Act until formal charges are pending. United States v. Sanchez, 722 F.2d 1501, 1508 (11th Cir.1982); see United States v. Varella, 692 F.2d 1352, 1358 (11th Cir.1982). An "arrest" refers to the point at which a defendant is charged with the crime; therefore, a defendant is not "arrested" until a formal complaint or formal charge is issued. United States v. Sayers, 698 F.2d 1128, 1131 (11th Cir.1983). See also United States v. Alfrano, 706 F.2d 739, 741 (6th Cir.1983) (protections of Speedy Trial Act triggered once accused is arrested and served with federal complaint).
 
 
 9
 Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161. United States v. Adams, 694 F.2d 200 (9th Cir.1982). An arrest by state officers, who are accompanied by federal officers, does not constitute an "arrest" under § 3161. See United States v. Iaquinta, 674 F.2d 260, 267-69 (4th Cir.1982); see also United States v. Wilson, 657 F.2d 755, 767 (5th Cir.1981); United States v. Lai Ming Tanu, 589 F.2d 82, 88 (2d Cir.1978). There is no federal arrest until the defendant is taken into federal custody, notwithstanding the fact that the state and federal officials were cooperating when the defendant was in state custody. United States v. Taylor, 814 F.2d 172, 174-5 (5th Cir.1987); United States v. Russo, 796 F.2d 1443, 1451 (11th Cir.1986); United States v. Janik, 723 F.2d 537, 542 (7th Cir.1983).
 
 
 10
 United States v. Blackmon, 874 F.2d 378, 379-80 (6th Cir.1989); See also United States v. Copley, 774 F.2d 728, 730 (6th Cir.1985).
 
 
 11
 In the case sub judice, both federal and state agents cooperated in the investigation and subsequent arrest of defendant. However, the evidence is clear that on May 19, 1989, defendant was arrested on state charges and taken into custody by Jefferson County Police Department Detective Wolfe. He was later indicted under Kentucky state laws. Therefore, when defendant was eventually indicted under federal charges on December 4, 1989, he had not yet been arrested by federal authorities charging him with federal violations. This did not happen until September of 1990 after defendant had been indicted on federal charges. Therefore, under clear Sixth Circuit authority (and a variety of other circuits that have addressed the issue), defendant's Motion to Dismiss was properly denied.
 
 IV.
 
 12
 The Order of the District Court dismissing defendant's Motion to Dismiss is hereby AFFIRMED. The Judgment and Commitment Order of the District Court is also hereby AFFIRMED.