47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lester PAYNE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-6129.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 On Appeal from the United States District Court, for the Western District of Kentucky, No. 93-00435; Charles R. Simpson, III, Judge.
 W.D.Ky.
 VACATED AND REMANDED.
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Lester Payne appeals from the August 5, 1993, order of the district court denying his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of counsel. For the reasons set forth below we REVERSE.
 
 I. STATEMENT OF THE CASE
 
 2
 In May 1991, Payne pleaded guilty and was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1).[1] Since Payne had four prior felony convictions he was sentenced to 180 months imprisonment pursuant to the Armed Career Criminal Act. See 18 U.S.C. Sec. 924(e)[2]. Although Payne did not dispute the validity of the four convictions he challenged their use as predicate offenses for purposes of applying Sec. 924(e).
 
 
 3
 The district court based its determination that Payne was an armed career criminal on Payne's four prior felonies: (1) a 1960 Kentucky conviction for burglary; (2) a 1965 Kentucky conviction for storehouse breaking, possession of burglary tools, attempted safe breaking, and burglary; (3) a 1976 Florida conviction for aggravated assault and unlawful possession of a firearm while engaged in a criminal offense; and (4) a 1986 Tennessee conviction for voluntary manslaughter. On February 24, 1978, however, Payne received a certificate (the "Certificate") from the Governor of Kentucky which restored his civil rights for the two Kentucky convictions.
 
 
 4
 Payne appealed the district court's sentence but did not raise the issue of ineffective assistance of counsel at that time. This court affirmed his conviction and sentence in an unpublished opinion. United States v. Payne, No. 91-6065 (6th Cir. May 7, 1992). On July 14, 1993, Payne then filed a motion pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of counsel. The district court denied the motion. This timely appeal follows.
 
 II. DISCUSSION
 A. Standard of Review
 
 5
 We review denial of a Sec. 2255 motion de novo. Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993). The standard for granting collateral relief pursuant to a Sec. 2255 motion is whether the defendant can show "cause," excusing the defendant for not raising the error at trial, and "actual prejudice," resulting from that error. United States v. Frady, 456 U.S. 152, 167-68 (1981). This court has determined that a facially valid claim of ineffective assistance of counsel constitutes cause. Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir.1993).
 
 B. Ineffective Assistance
 
 6
 Ineffective assistance of counsel requires a showing that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). If prejudice is demonstrated in the ineffective assistance analysis, the "actual prejudice" prong of Sec. 2255 will be satisfied.
 
 
 7
 In the instant case, Appellant alleges his trial counsel failed to introduce the Certificate showing his civil rights had been restored for two offenses which were, but should not have been, used as predicate offenses for purposes of determining his status as an armed career criminal. We are mindful that scrutiny of trial counsel's performance deserves highly deferential treatment. Id. at 689. Even in light of this deference, however, counsel's failure to introduce a Certificate which served to restore Appellant's civil rights for the two Kentucky convictions demonstrates a deficient performance on the part of counsel.
 
 C. Restoration of Civil Rights
 
 8
 In order for a felon to receive enhanced sentencing under Sec. 924(e)(1), the felon must have three prior convictions for violent felonies. Under Sec. 922(g)(1) the three prior convictions must have been for "crime[s] punishable by imprisonment for a term exceeding one year." To determine whether the underlying felonies in the instant case can be used as predicate offenses we must look to 18 U.S.C. Sec. 921(a)(20)[3].
 
 
 9
 The language of Sec. 921(a)(20) states that a felony conviction for which civil rights have been restored is not a conviction for purposes of the statute unless the restoration certificate "expressly" indicates that the person is prohibited from possessing firearms. This court held, however, in United States v. Cassidy, 899 F.2d 543, 546 (6th Cir.1990), that in order to determine whether a convicted felon is entitled to possess firearms one must go beyond the restoration certificate and look to the whole of state law.
 
 
 10
 The Cassidy court established a two-step analysis to determine whether the restoration of civil rights served to eliminate from consideration a prior conviction. Id. at 549. First, the court looked to see if the restoration of civil rights included the rights to vote, hold public office and sit on a jury. If the defendant had each of these rights restored, then his civil rights have been restored under section 921(a)(20). Id. After determining that defendant's civil rights have been restored, we must then ascertain whether state law "expressly restricts defendant from possessing a firearm." Id.
 
 
 11
 The first issue was decided in United States v. Barrett, 504 F.2d 629 (6th Cir.1974), aff'd. 423 U.S. 212 (1976). In Barrett, the defendant received a pardon from the Governor of Kentucky. This court held that by virtue of the pardon the defendant was restored to his civil rights under Kentucky law. Id. at 634. Those rights included, the right to suffrage, the right to hold public office, and the right to serve on a jury. Id. at 633. In its opinion, the Barrett court reproduced the text of the pardon, which is essentially identical to the Certificate at issue here. See Id. at 632-33. Following our holding in Barrett, we find that for purposes of Sec. 924(e)(1) Payne's civil rights have been restored. However, the inquiry does not end here.
 
 
 12
 Next, under the test outlined in Cassidy we must determine whether Kentucky state law prohibits Payne from possessing firearms. Under Kentucky law, it is not a crime for a felon convicted prior to January 1, 1975, to carry a firearm. See K.R.S. Sec. 527.040. Since both of Payne's Kentucky convictions occurred prior to January 1, 1975, there is no violation, therefore the second prong of the test is met. The Certificate in the instant case served to restore Payne's civil rights for his Kentucky convictions. In light of this restoration, the Kentucky convictions should not have been used as predicate offenses for enhanced sentencing under Sec. 924(e)(1).
 
 D. Actual Prejudice
 
 13
 By failing to introduce the Certificate into evidence counsel strayed far wide of acceptable performance boundaries. At the outset of the trial, Payne provided his attorney with the Certificate. For reasons unclear to this court, counsel decided not to introduce the Certificate and pursued other trial strategy. Because of the wide latitude afforded counsel in developing trial strategy, this court is reluctant to second-guess tactical decisions. Strickland, 466 U.S. at 689. Here, however, counsel's performance was clearly deficient, and that deficiency prejudiced the defendant.
 
 III. CONCLUSION
 
 14
 For the foregoing reasons we VACATE and REMAND for resentencing.
 
 
 
 [1]
 Section 922(g)(1) provides in pertinent part:
 It shall be unlawful for any person--who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; to ... possess, in or affecting commerce, any firearm....
 
 
 [2]
 Section 924(e) provides in pertinent part:
 (1) In the case of a person who [unlawfully possesses a firearm] and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony ... committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....
 
 
 [3]
 18 U.S.C. Sec. 921(a)(20) states, in pertinent part:
 What constitutes a conviction of [a "crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction ... for which a person ... had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.