68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lester PAYNE, Defendant-Appellant.
 No. 95-5525.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Robert Lester Payne appeals the sentence imposed by the district court on remand following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1991, Payne, a former federal prisoner currently serving a Kentucky sentence, was sentenced by the district court to 180 months in prison pursuant to the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). His conviction was affirmed on direct appeal. See United States v. Payne, No. 91-6065, 1992 WL 96319 (6th Cir. May 7, 1992) (per curiam), cert. denied, 113 S. Ct. 270 (1992). Payne subsequently filed a motion to vacate sentence under 28 U.S.C. Sec. 2255, alleging ineffective assistance of counsel. As a result of that motion, a panel of this court vacated Payne's sentence as an armed career criminal and remanded the case for resentencing within the applicable range under the U.S. Sentencing Guidelines. See Payne v. United States, No. 93-6129, 1995 WL 6060 (6th Cir. Jan. 6, 1995) (per curiam). On remand, the district court resentenced Payne to 12 months in prison and two years of supervised release, nunc pro tunc to his original sentencing date of September 5, 1991. The judgment was entered on March 23, 1995.
 
 
 4
 Payne's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Payne had no meritorious issues to appeal, he presented the following for review: (1) the district court erred in refusing to allow the extra time Payne spent in federal custody to apply to his term of supervised release; and (2) alternatively, Payne should be allowed to serve his two-year term of supervised release while he is imprisoned on state drug charges. Payne has submitted a pro se brief in which he further argues the merits of the issues raised by counsel. In addition, he notes that the district court's nunc pro tunc judgment failed to take into account 462 days he spent in custody prior to the imposition of his original sentence.
 
 
 5
 Upon review, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged error identified by counsel is a matter pertaining to the execution of a sentence which was properly imposed by the district court. Furthermore, the Federal Bureau of Prisons (BOP) clearly took into account each factor identified by Payne and his counsel and has notified Payne that his federal sentence is completely satisfied.
 
 
 6
 Neither counsel nor Payne actually challenges the sentence imposed by the district court. In fact, because that sentence is within the applicable guideline range and was not imposed in violation of law or as a result of an incorrect application of the guidelines, the sentence itself is not appealable. See 18 U.S.C. Sec. 3742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir. 1994).
 
 
 7
 Instead, they argue that the district court should have specifically determined that the time Payne spent in federal custody beyond the 12 months imposed in his resentencing counts toward his two-year term of supervised release. Where a defendant is resentenced to a shorter term of imprisonment which has already been served, he is entitled to an earlier end to his term of supervised release based upon the extra time spent in custody. See United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir. 1994); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam); United States v. Huang, 977 F.2d 540, 542 n.1 (11th Cir. 1992) (per curiam). Actual sentence computation, however, is the province of the BOP rather than the courts. See 18 U.S.C. Sec. 3624. In addition, Payne seeks credit for the 462 days he spent in custody prior to the imposition of his original sentence. Again, the Attorney General, not the courts, has the responsibility for computing sentence credits for time spent in detention prior to sentencing. See 18 U.S.C. Sec. 3624; United States v. Wilson, 503 U.S. 329, 334-35 (1992); McClain, 9 F.3d at 505.
 
 
 8
 In this case, both issues are moot according to documents submitted by Payne. Payne attached to his pro se brief a letter from the BOP dated May 5, 1995, which declares that his "federal sentence was satisfied on March 23, 1995 upon being entered in the U.S. District Court and thereafter received by the Bureau of Prisons." Additionally, Payne attached his final sentence monitoring computation sheet, updated as of March 23, 1995, which clearly applies the 462 days of prior jail credit to determine a statutory release date of May 31, 1991 -- over three months before his original sentencing date of September 5, 1991. The BOP then calculated his supervised release from that date to reach a supervision termination date of May 30, 1993. Payne, unfortunately, was not actually released until March 23, 1995, when he was resentenced by the district court.
 
 
 9
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on March 23, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation