87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse James PASSMORE, Defendant-Appellant.
 No. 95-50242.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 13, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jesse James Passmore appeals his jury conviction for one count of bank robbery in violation of 18 U.S.C. § 2113(a), on the ground that the district court erred in refusing to dismiss his indictment based on excessive pre-indictment and pre-trial delay. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Passmore contends that he was not indicted within 30 days of his arrest, as required by the Speedy Trial Act.[1] This argument fails because "only a federal arrest will trigger the running of the 30-day time period under section 3161(b)," United States v. Redmond, 803 F.2d 438, 440 (9th Cir.1986) (citations omitted), cert. denied, 481 U.S. 1032 (1987), and Passmore's October 8, 1993, arrest was made by local, not federal, officers. The FBI's involvement in the investigation is beside the point; a federal arrest is required "[r]egardless of the degree of federal involvement," id., and "the fact that federal authorities actively participate[d] in an investigation does not mandate the application of the Speedy Trial Act," United States v. Benitez, 34 F.3d 1489, 1493 (9th Cir.1994) (citations omitted), cert. denied, 115 S.Ct. 1268 (1995).
 
 
 5
 Likewise, it makes no difference that Passmore's parole revocation and resulting incarceration stemmed from the bank robbery; the Speedy Trial Act "requires something more than that the acts leading to detention be the same as those underlying the eventual criminal charge." United States v. Hoslett, 998 F.2d 648, 653 (9th Cir.1993). In this case, there is no indication that Passmore's detention was due to the government's need to gather evidence, that the government acted in bad faith, or that "the detention for the alleged parole violations was a ruse for delay in obtaining an indictment." See id. (listing circumstances under which the Speedy Trial Act might apply). Therefore, the delay between Passmore's arrest by local officers and his eventual indictment in federal court did not violate the Speedy Trial Act.
 
 II
 
 6
 Passmore complains that the trial court erred in deeming various continuances to be excludable delay under 8 U.S.C. § 3161(h).[2] This argument is meritless. In each case, the district court granted the continuance in response to defense counsel's request for more time to prepare. Where the defendant is "the moving force behind the granting of each continuance[,].... [he] cannot maintain that these continuances give rise to an STA violation." United States v. Gallardo, 773 F.2d 1496, 1506 (9th Cir.1985) (citation omitted). Passmore contends that the succession of public defenders assigned to him makes his case different, but we don't see how: If anything, the change in counsel supports the district court's conclusion that defense counsel's need for time to prepare outweighed the interest in a speedy trial. Equally unavailing is Passmore's reliance on United States v. Torres-Rodriguez, 930 F.2d 1375 (9th Cir.1991), because that case addresses situations where the delay was the result of a superseding indictment, not where, as here, the prosecution played no part in causing the delay. In any event, the district court complied with Torres-Rodriguez by expressly finding that each continuance was necessary to ensure that Passmore's counsel would have adequate preparation time.
 
 III
 
 7
 Passmore next contends that pre-indictment delay violated his Fifth Amendment right to due process. To succeed in this claim, Passmore must prove that he suffered "actual, non-speculative prejudice from the delay." United States v. Sherlock, 962 F.2d 1349, 1353 (9th Cir.1989) (citations omitted), cert. denied, 506 U.S. 958 (1992).
 
 
 8
 "The defendant's burden is a heavy one," United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990), and Passmore's bald assertion that he was prejudiced because the government was able to continue its investigation and interview witnesses while he remained in custody, falls short of the mark. See United States v. Horowitz, 756 F.2d 1400, 1405 (9th Cir.) ("Mere assertions that the testimony of a missing witness might have been useful, or that witnesses' memories may have faded with the passage of time is not 'proof of actual prejudice.' ") (citation omitted), cert. denied, 474 U.S. 822 (1985).
 
 IV
 
 9
 Finally, Passmore contends that his Sixth Amendment right to a speedy trial was violated by the time that elapsed from the date of his indictment (May 8, 1994) to the date of his arraignment (July 18, 1994). Ordinarily, in determining whether a defendant's Sixth Amendment right has been violated, we balance four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972) (footnote omitted). However, "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id.
 
 
 10
 The delay of which Passmore complains was less than three months. Such a delay is not presumptively prejudicial, and even if it were, Passmore's claim would still fail. Although he asserted his right to a speedy trial, the delay is far from extraordinary and it appears to have resulted primarily from his own counsel's request for a continuance. Most important, as Passmore has not shown that the government acted in bad faith or negligently, he must--but has failed to--make a particularized showing of prejudice. Doggett v. United States, 905 U.S. 647, 656 (1992).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Speedy Trial Act provides, in relevant part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 8 U.S.C. § 3161(b)
 
 
 [2]
 Section 3161(h)(8)(A) deems excludable "[a]ny period of delay resulting from a continuance granted ... at the request of the defendant or his counsel ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."