UNITED STATES of America, Appellee,

v.

Edward A. DANIEL, Appellant.

No. 81–1168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1981.

Decided Feb. 8, 1982.

Dick L. Madson, Fairbanks, Alaska, for appellant.

Stephen Cooper, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before GOODWIN, KENNEDY and SKOPIL, Circuit Judges.

PER CURIAM.

Edward A. Daniel appeals his conviction of distributing a controlled substance. He claims that the trial court should have suppressed conversations recorded without a warrant between him and an informant because the admission of such recordings would have been illegal under Alaska law. He also asserts other grounds for the suppression of evidence.

The Omnibus Crime Control and Safe Streets Act of 1968 forbids any interception of wire communications except *inter alia*, "for a person acting under color of law . . . where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). An "investigative or law enforcement official" who has thereby properly obtained the contents of a wire communication may use such contents "to the extent such use is appropriate to the proper performance of his official duties." 18 U.S.C. § 2517(2). The Act also permits an "investigative or law enforcement official" to disclose such contents to "another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." 18 U.S.C. § 2517(1).

The Alaska Supreme Court has held that the admission of recorded conversations obtained without a search warrant violates the Alaska Constitution. *State v. Glass*, 583 P.2d 872 (Alaska 1978). Federal courts, on the other hand, have allowed the admittance of recorded communications monitored without a search warrant. *E.g., United States v. Zemek*, 634 F.2d 1159, 1164 n.4 (9th Cir. 1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981); *United States v. Keen*, 508 F.2d 986, 989 (9th Cir. 1974), *cert. denied*, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975).

Because the introduction of the recordings of Daniel's calls by a state officer would have been a violation of Alaska law, he argues that the state officer's use of the wiretap information in the district court could not have been a "proper performance of his official duties" as required by § 2517 of the Act. This court faced substantially the same issue en banc in *United States v. Hall*, 543 F.2d 1229 (9th Cir. 1976), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977). In *Hall*, California officers arrested defendant on the basis of information gathered from an authorized federal wiretap. The officers seized heroin and narcotics paraphernalia during the arrest. A California statute prohibited wiretapping under any circumstances as well as the employment of information so obtained, and the defendant contended that the state officers' use of the wiretap evidence to arrest him and seize the heroin could not have been "appropriate to the proper performance of the [officers'] official duties" as mandated by § 2517 of the federal act. We held that the qualifying phrase in § 2517 of the Act "was not intended to obliquely import state standards," but was instead "designed to protect the public from unnecessarily widespread dissemination of the contents of interceptions and from the wholesale use of [such] information . . . by an officer . . . for personal or illegal purposes." *Id.* at 1233. We therefore determined that the introduction of a recorded communication valid under § 2511 of the Act, even though illegal under state law, did not violate § 2517 of the Act.

The court's analysis did not end with that determination, however. Even though the court had decided that the Act did not

prohibit the use of such a wiretap, it still had to settle whether evidence obtained illegally under state law was admissible under federal evidence law. Because the common law principles of evidence permitted the admission of evidence regardless of its illegal origins, and because the infringement was neither of federal "constitutional proportions" nor a "federal violation," we concluded that the trial court was not required to exclude the heroin seized during the arrest. *Id.* at 1235. *See United States v. Keen, supra,* 508 F.2d at 989 (where government agent recorded a telephone conversation between defendant and an informant, and where a Washington statute prohibited wiretapping without the consent of both parties to the communication, court held that "wiretap evidence obtained in violation of neither the Constitution nor federal law [was] admissible in federal courts, even though obtained in violation of state law.").

 Federal Rule of Evidence 402 permits the admission of relevant evidence "except as otherwise provided by the Constitution of the United States [and] by Act of Congress...." *Hall* and *Keen* established that the use of wiretap information acquired by federal officers in violation of state law but in compliance with § 2511 of the Act does not breach federal law. In the present case the record shows that a federal agent was involved in the investigation and that prior to the wiretap a decision had been made to present the case to federal court rather than state court for prosecution. The wiretap evidence was secured in conformity with the Constitution and federal law. There is no basis for excluding it. We need not at this time decide whether information acquired by a state officer in violation of state law without federal involvement is admissible in federal court.

Daniel also argues that the trial court should have suppressed the items seized during the search of appellant's home because the officers made the inventory out of the presence of the appellant. Neither Fed.R.Cr.P. 41(d) nor the Fourth Amendment requires that the owner of the premises searched be present at the time of the inventory. *United States v. Gervato,* 474 F.2d 40, 43–45 (3rd Cir.), *cert. denied,* 414 U.S. 864, 94 S.Ct. 39, 38 L.Ed.2d 84 (1973).

Other points briefed and argued by Daniel do not require reversal.

Affirmed.