694 F.2d 200
 UNITED STATES of America, Plaintiff-Appellee,
v.
Helga Marie ADAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Masaru SHINGAKI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeni MUMMERT, aka Jeni Proctor, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond James PROCTOR, Defendant-Appellant.
 Nos. 82-1121, 82-1139, 82-1179 and 82-1180.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1982.
Decided Dec. 7, 1982.
 
 Paul A. Tomar, Honolulu, Hawaii, for Adams.
 No appearance for Shingaki.
 Pamela J. Berman, Honolulu, Hawaii, for Mummert.
 Earle A. Partington, Honolulu, Hawaii, for Proctor.
 Kathleen A. Felton, Washington, D.C., for U.S.
 Appeal from the United States District Court for the District of Hawaii.
 Before CHOY, SNEED and FARRIS, Circuit Judges.
 CHOY, Circuit Judge:
 
 
 1
 Appellants Adams, Shingaki, Mummert, and Proctor were convicted on various counts relating to receiving, shipping, and distributing obscene print media involving minors. All four appellants challenge their convictions on the ground that the district court improperly failed to suppress evidence obtained through a joint federal-state wiretap. Appellants Proctor, Shingaki, and Mummert also claim that the district court's failure to dismiss certain counts of the indictments against them violated the Speedy Trial Act. In addition, appellant Proctor contends that there was insufficient evidence to sustain a conviction against him on one of the counts. Finally, appellants Proctor and Mummert contest their sentences on the ground that the district court improperly refused to strike the testimony of a Government witness at the sentencing hearing or, alternatively, to recall the witness for cross-examination. We affirm the convictions and sentences of all appellants.
 
 I. Wiretap Evidence
 
 2
 The evidence presented at trial included videotapes of meetings and tape recordings of telephone conversations between appellants and Darryl Cosme, a United States Customs Service agent who posed as a pornography distributor and who consented to the wiretap surveillance. Both federal and state law-enforcement officials participated in the interceptions and recordings of the meetings and conversations. Appellants concede that under 18 U.S.C. Sec. 2511(2)(c), the interceptions and recordings were lawful as consensual wiretaps. However, appellants argue that the interceptions and recordings were illegal under the law of the State of Hawaii and that, therefore, evidence obtained from these activities was not admissible in federal court.
 
 
 3
 We need not reach the issue of the legality of the interceptions and recordings under Hawaii law, for this circuit has established a clear and simple rule that evidence obtained from a consensual wiretap conforming to 18 U.S.C. Sec. 2511(2)(c) is admissible in federal court proceedings without regard to state law. United States v. Hall, 543 F.2d 1229, 1234-35 (9th Cir.1976) (en banc), cert. denied, 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977); United States v. Keen, 508 F.2d 986, 989 (9th Cir.1974), cert. denied, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975).* Since the interceptions and recordings that occurred here conformed to federal law, the district court did not err in admitting evidence obtained from these activities.
 
 II. Speedy Trial Act
 
 4
 Appellants Proctor, Shingaki, and Mummert sought to dismiss five of the counts against each of them on the ground of undue delay. They invoked a provision of the Speedy Trial Act, 18 U.S.C. Sec. 3161(b). That provision mandates that any information or indictment charging an individual with the commission of an offense shall be filed within 30 days of the date of arrest in connection with that offense. Proctor, Shingaki, and Mummert were arrested by state officers on June 12, 1980. Because the investigation that led to their arrest was a joint federal-state investigation, appellants argue that the relevant time period for purposes of 18 U.S.C. Sec. 3161(b) should be deemed to run from the date of the state arrest to the date of the federal indictment.
 
 
 5
 We join a unanimous body of case law in other circuits in holding that regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest will trigger the running of the time period set forth in 18 U.S.C. Sec. 3161(b). E.g., United States v. Iaquinta, 674 F.2d 260, 264-69 (4th Cir.1982); United States v. Wilson, 657 F.2d 755, 767 (5th Cir.1981), cert. denied, --- U.S. ----, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); United States v. Lai Ming Tanu, 589 F.2d 82, 88 (2d Cir.1978); United States v. Mejias, 552 F.2d 435, 441-42 (2d Cir.), cert. denied, 434 U.S. 847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977). Proctor, Shingaki, and Mummert were arrested by federal authorities on August 7, 1981, the same day the federal indictment was filed. Since the indictment was filed before federal agents arrested appellants, the requirements of Sec. 3161(b) of the Speedy Trial Act were met and no undue delay occurred.
 
 III. Sufficiency of Evidence
 
 6
 Appellant Proctor challenges the sufficiency of the evidence to support his conviction on Count XII of the indictment, shipping pornographic materials involving minors in interstate and foreign commerce and the mails, for purposes of distribution and sale, in violation of 18 U.S.C. Sec. 2252(a)(1). Contrary to Proctor's assertions, the conviction was not based solely on evidence of the lawful interception of a package of pornographic materials addressed to him; other evidence in the record also supports a conviction on this count. For example, there was evidence that several of the appellants, including Proctor, told agent Cosme that Proctor intended to distribute pornographic materials he had purchased in Europe. The record also shows that when his house was searched, Proctor admitted that he expected more pornographic materials in the mail. Therefore, the district court's finding that Proctor intended to distribute the intercepted materials was not speculative, and there was substantial evidence to support the conviction on that count.
 
 IV. Sentencing Testimony
 
 7
 At a continuance of the sentencing hearing, appellants Proctor and Mummert moved to strike the earlier testimony of the Government's witness, Dr. Osanka, or, alternatively, to have the Government return Osanka for cross-examination. Appellants now contend that denial of this motion was a violation of their due process rights. This contention is without merit.
 
 
 8
 While a criminal defendant is entitled to due process in the sentencing procedure, the range of due process rights at sentencing is not as extensive as that at trial. Gardner v. Florida, 430 U.S. 349, 358, n. 9, 97 S.Ct. 1197, 1205, n. 9, 51 L.Ed.2d 393 (1977); United States v. Morgan, 595 F.2d 1134, 1136 (9th Cir. 1979). Proctor and Mummert were offered, but declined, an opportunity to cross-examine Dr. Osanka immediately following his testimony. Moreover, Proctor and Mummert presented their own witness, Dr. Wolfgang, to rebut Dr. Osanka's testimony. Under these conditions, the district court did not abuse its discretion in finding that appellants had been given an adequate opportunity to rebut Dr. Osanka's testimony and in refusing to strike the testimony or to recall Dr. Osanka for cross-examination.
 
 
 9
 For the reasons stated above, the convictions and sentences are AFFIRMED.
 
 
 
 *
 Appellants seek to distinguish Hall and Keen on the basis that only federal officers participated in the wiretaps at issue in those two cases, while here state officers assisted in the wiretap surveillance activities. This factual difference is irrelevant to the applicability of the doctrine articulated in Hall and Keen, which is based on the fundamental principle that the bounds of federal admissibility are not subject to determination by the state. Hall, 543 F.2d at 1235