**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clifford Thomas HENDERSON,
Defendant-Appellant.**

**Nos. 83–3008, 83–3034.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1983.

Decided Dec. 6, 1983.

Lorraine Gallinger, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Charles F. Moses, Billings, Mont., for defendant-appellant.

Before FLETCHER and ALARCON, Circuit Judges, and WATERS,* District Judge.

PER CURIAM:

A jury convicted Henderson of one count of storing a stolen motor vehicle in violation of 18 U.S.C. § 2313 (1976). The district court denied Henderson's motions for judgment of acquittal and a new trial. Henderson appeals his conviction in No. 83–3008, and appeals the denial of his post-verdict motions in No. 83–3034. Henderson argues that the district court erroneously denied his pretrial suppression motion and that the interstate commerce element of a violation of 18 U.S.C. § 2313 was not properly charged in the indictment, addressed in the jury instructions, or proved. We affirm.

In June of 1983, the sheriff of Carbon County, Montana, received an anonymous tip that Henderson was storing a stolen Caterpillar loader. The anonymous informant supplied the serial number of the allegedly stolen vehicle. The sheriff asked County Commissioner Cole to record the serial number of the loader while he was in the vicinity of Henderson's property. Cole verified the serial number, and the sheriff determined through the National Crime Information Center that a Caterpillar loader with that serial number had been stolen from Jefferson County, Colorado. The sheriff then went to Henderson's property to question him. Henderson showed the sheriff what he claimed was a bill of sale for the loader. The sheriff ascertained that the serial number on the bill of sale did not match the loader's serial number, and took possession of the loader. During his visit to the property, the sheriff observed several other vehicles. The serial number of one, a

---

* Hon. Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

gooseneck trailer, appeared to have been removed. The sheriff recorded the license plate number of the gooseneck trailer and later verified that the license plate had, in fact, been issued for another vehicle.

In the middle of June, James Kloberdanz told the sheriff that he believed that Henderson was storing a stolen red Peterbilt truck in a shed on his property. Kloberdanz told the sheriff that he had received a letter from his friend Herrick reporting the theft of his truck from Colorado over Memorial Day weekend. The letter contained a detailed description and sketch of the truck. Two of Kloberdanz's coworkers had mentioned that they had seen a new red Peterbilt in Henderson's shed while picking up some equipment at Henderson's property. Kloberdanz took advantage of an opportunity to go to the Henderson property to pick up equipment for his employer and while there looked through a crack in the door of the locked shed. He claimed to have seen a truck that matched the description and sketch of the truck stolen from Herrick.

The sheriff got in touch with an FBI agent and conveyed all of this information to him. The agent drove by Henderson's property and observed three trailers in plain view. He then prepared an affidavit containing the information received from the sheriff, including a detailed description of the truck from Herrick's letter, and obtained a search warrant. The agent then went to Henderson's property and seized the Peterbilt truck.

*I. The Suppression Motion.*

██ Henderson moved to suppress the truck on the ground that the search warrant was not supported by probable cause. He argued to the district court, and argues on appeal, that most of the facts recited by the search warrant were obtained through searches conducted in violation of Montana's constitution. Montana has adopted an exclusionary rule, based on its state constitution, that is more stringent than the federal rule. Montana suppresses evidence obtained by state officers through informa-

tion resulting from a trespass or unlawful search by *private citizens. State v. Van Haele,* 649 P.2d 1311 (Mont.1982); *State v. Hyem,* 630 P.2d 202 (Mont.1981); *State v. Helfrich,* 183 Mont. 484, 600 P.2d 816 (1979). In contrast, private searches are not prohibited by the federal constitution, and the fruit of private searches is not subject to the federal exclusionary rule unless the private searcher acted as a government agent. *See United States v. Miller,* 688 F.2d 652, 656–57 (9th Cir.1982).

██ In *United States v. Daniel,* 667 F.2d 783, 785 (9th Cir.1982), we declined to decide whether information acquired by a state officer in violation of state law and without federal involvement should be admissible in federal court. It is clear from our precedents that evidence obtained by federal officials, or by federal officials acting in concert with state officers, in violation of state law but in compliance with federal law is admissible. *See id.; United States v. Adams,* 694 F.2d 200 (9th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3085, 77 L.Ed.2d 1347 (1983); *United States v. Hall,* 543 F.2d 1229 (9th Cir.1976) (en banc), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977). Whether information secured by state officers entirely without federal involvement should be admissible notwithstanding violations of state law is a question that remains undecided. *See Daniel,* 667 F.2d at 785; *United States v. Wheeler,* 641 F.2d 1321, 1322 n. 1 (9th Cir.1981).

Henderson argues that such evidence should be excluded, and we conclude that his argument has merit. Henderson produced evidence at the suppression hearing indicating that before approaching the FBI, the sheriff met with the county attorney in order to seek a search warrant for the Henderson property. The county attorney, in consultation with the Montana Department of Justice, concluded that evidence discovered in the course of the investigation, or pursuant to a search warrant based on that investigation, would be inadmissible in the courts of Montana. The county attorney, therefore, suggested that the sheriff

convey the results of his investigation to federal authorities.

We believe that it would undercut the deterrent function of a state's exclusionary rule if state officers were able to turn illegally seized evidence over to federal authorities whenever they suspected the subject of the investigation of an offense susceptible to federal, as well as state, prosecution. We think there is much to be said for the argument that federal courts should, in the interest of comity, defer to a state's more stringent exclusionary rule with respect to evidence secured without federal involvement.

■■■ Upon examination of the record below, however, we conclude that this is a question we need not reach. Were we to decide that information secured by state officers in violation of state law could not form the basis of probable cause, we would nonetheless uphold the search warrant if the affidavit sufficiently established probable cause after the illegally obtained information were excised. *See Howell v. Cupp,* 427 F.2d 36, 38 (9th Cir.1970). From the evidence presented below, we conclude that the information gained by Kloberdanz in peering through the crack in the door of Henderson's shed was secured in violation of Montana law. *See State v. Hyem,* Mont., 630 P.2d 202, 206 (1981). We conclude further that the county commissioner's confirmation of the Caterpillar loader's serial number was illegal under federal law. *See United States v. Walther,* 652 F.2d 788

(9th Cir.1981). The district court found that both of these searches merely intensified an existing investigation and did not taint the remaining allegations in the affidavit. This finding is amply supported by the record. Henderson presented no evidence that state or federal officials had exploited the illegalities in making subsequent discoveries. *See United States v. Jones,* 608 F.2d 386, 390–91 (9th Cir.1979); *United States v. Allard,* 600 F.2d 1301 (9th Cir.1979). Finally, there is no evidence in the record from which we could conclude that any of the rest of the information in the affidavit was obtained in violation of state or federal law. Even if we excise the information relating to Kloberdanz's observations through the crack in the door of the shed and the County Commissioner's confirmation of the serial number of the Caterpillar loader, the totality of the circumstances set forth in the remaining portions of the affidavit provide a substantial basis for concluding that there was probable cause to believe the stolen Peterbilt would be on Henderson's property. *See Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).[1] We therefore affirm the trial court's denial of Henderson's suppression motion.

## II. Interstate Commerce.

■■■ Henderson's objections to the wording of the indictment and the proof introduced at trial, with respect to the interstate commerce element of a violation of 18 U.S.C. § 2313, are specious.[2] Henderson

---

1. Henderson argues that the affidavit is based wholly upon hearsay. An affidavit may be based on hearsay so long as there is basis for crediting the hearsay. *United States v. Beusch,* 596 F.2d 871, 874 (9th Cir.1979). The "indicia of reliability" accompanying the hearsay in the affidavit sufficiently support its credibility. *See Illinois v. Gates,* 103 S.Ct. at 2327–28. The principal informant was the county sheriff. Law enforcement officials are presumed to be credible. *See United States v. Kunkler,* 679 F.2d 187, 190 (9th Cir.1982). The owner of the stolen Peterbilt supplied information about the theft and an extremely detailed description of the vehicle. Hearsay from victims is presumed to be reliable. *See United States v. Armstrong,* 654 F.2d 1328, 1335 (9th Cir.1981), *cert. denied,* 455 U.S. 926, 102 S.Ct. 1289, 71 L.Ed.2d 470

(1982). Detail is an indication of reliability. *See United States v. Davis,* 663 F.2d 824, 829 (9th Cir.1981). Finally, the affidavit sets forth facts that corroborate the allegations based on hearsay. Under these circumstances we conclude that the affidavit meets the test articulated in *Illinois v. Gates.*

2. Henderson objects to the indictment on the ground that it is in the past tense. He argues that language charging that "[o]n or about the 19th day of June, 1981," Henderson stored a stolen Peterbilt "which was a part of or constituted interstate commerce," might be construed to permit a conviction for storing a vehicle that had at one time been a part of interstate commerce. Such an argument might be colorable had the indictment charged storage of

further objects that the instruction given on the commerce element permitted his conviction even if the stolen Peterbilt had left the stream of commerce by the time Henderson stored it. The instructions given by the trial court indicated to the jury that the interstate movement of the vehicle might have ceased prior to storage, and directed the jury to determine whether the vehicle continued to be in the stream of commerce.[3] We hold that the instructions, while oblique, provided adequate guidance to the jury and correctly stated the law. *See Stoker v. United States*, 587 F.2d 438, 440 (9th Cir. 1978).

### III. The Post Verdict Motions.

In No. 83–3034, Henderson appeals the district court's denial of his post-verdict motions for judgment of acquittal and for a new trial, raising the same arguments as he raised in his challenge to his conviction. Our discussion of the issues raised by Henderson's appeal of his conviction disposes of all arguments asserted in his appeal of the denial of his post-verdict motions.

The judgment of the district court is AFFIRMED.

---

a vehicle that "had been or had constituted interstate commerce." It did not.

Henderson objects to the proof that the vehicle was in the stream of commerce at the time it was stored on the ground that evidence that the Peterbilt was in Colorado in late May of 1981 and recovered in Montana less than a month later is insufficient as a matter of law to prove this element of the crime. This argument is meritless. *See United States v. Wolosyn*, 411 F.2d 550 (9th Cir.1969).

**3.** The jury was instructed as follows:

Three essential elements are required to be proved in order to establish the offense charged in Count I and Count II of the indictment:

*First:* That the defendant, Clifford Thomas Henderson, stored a stolen motor vehicle.

---

*Second:* That the vehicle constituted or was part of interstate commerce.

*Third:* The defendant knew the motor vehicle was stolen.

The United States does not have to prove that the defendant knew the property moved in interstate commerce. It need only prove that the defendant knew they were stolen.

. . . . .

You are charged that the interstate movement of a vehicle does not necessarily cease when the vehicle stops and transportation of it into another state ends. However, its character of being a part of interstate commerce does not continue indefinitely after its transportation ends. It is a question of fact for you to determine under the surrounding circumstances.