UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph T. BRADY, Defendant–Appellant.

No. 90–30244.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1992.

Decided May 4, 1993.

Charles A. Baechler, Spokane, WA, for defendant-appellant.

Ronald W. Skibbie, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

WALLACE, Chief Judge:

Following his conditional guilty plea to manufacturing marijuana plants in violation of 21 U.S.C. § 841(a)(1), Brady appeals from the district court's denial of his motion to suppress evidence. The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231. In his plea, Brady expressly reserved his right to appeal. We thus have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I

The facts of this case are set forth in the district court's opinion. *See United States v. Brady*, 734 F.Supp. 923, 925–26 (E.D.Wash. 1990) (*Brady*).

■ Brady argues that the district court erred in holding that his Fourth Amendment rights were not implicated by a warrantless search of an outbuilding on Brady's property. As the district court recognized, and as we recently held in *United States v. Traynor*, 990 F.2d 1153 (9th Cir.1993) (*Traynor*), resolution of this question turns solely on whether the outbuilding in question is within the protected curtilage of Brady's home. *See id.* at 1156. The district court held that this outbuilding is not within the curtilage, *Brady*, 734 F.Supp. at 929, and therefore no Fourth Amendment violation occurred.

## A.

■ As mandated by our opinion in *Traynor*, we review the district court's curtilage finding only for clear error. *See Traynor*, 990 F.2d at 1156–57. In doing so, we must consider the record in light of the four factors enunciated by the Supreme Court in *United States v. Dunn*, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987) (*Dunn*):

> curtilage questions should be resolved with particular reference to four factors: the proximity of the area claimed to be curti-

lage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by.

*Id.* at 301, 107 S.Ct. at 1139. Application of these factors will tell us "whether the area in question harbors those intimate activities associated with domestic life and the privacies of the home." *Id.* at 301 n. 4, 107 S.Ct. at 1139 n. 4.

## B.

■ The district court applied the four *Dunn* factors to Brady's outbuilding, made extensive factual findings, and found that the outbuilding was "not within the curtilage of the house." *Brady*, 734 F.Supp. at 928–29. This last finding is not clearly erroneous.

*First* (proximity): The outbuilding was 45 feet from Brady's house. *Id.* at 929. This is closer than the 50–yard distance in *Dunn*, and only 5 feet less than the distance in *United States v. Pace*, 955 F.2d 270, 273 (5th Cir.1992). We have found a structure 50 feet from a house not to be within curtilage. *United States v. Calabrese*, 825 F.2d 1342, 1350 (9th Cir.1987) (*Calabrese*).

*Second* (enclosure): The Brady property is surrounded by a perimeter fence, *Brady*, 734 F.Supp. at 929, but so was Dunn's ranch. On Brady's property, there is no smaller enclosure within the overall property containing both the house and the outbuilding. *See Traynor*, 990 F.2d at 1158. There is, however, a fence several yards behind Brady's house, running between the house and the outbuilding. Like Traynor's, this fence segregates Brady's house from the outbuilding. *See id.* An aerial photograph of Brady's property, moreover, shows that the outbuilding is outside of the "specific area of land immediately adjacent to the house that is readily identifiable as part and parcel of the house." *Dunn*, 480 U.S. at 302, 107 S.Ct. at 1140.

*Third* (use): There was conflicting testimony regarding this factor, which the district court resolved in favor of the government. Some testimony indicated that the front portion of the outbuilding was used to store

personal property and, occasionally, as a play area for the Brady children. Other testimony indicated that when the outbuilding was searched, "[t]here was no indication that the outbuilding was inhabited; it was devoid of personal belongings, bedding and clothing." Additionally, as in *Traynor*, the deputies detected the smell of marijuana and the buzzing of electrical ballasts (used to run halide lights for growing marijuana), as well as condensation on the window (indicative of the high humidity characteristic of indoor marijuana growing operations). *Brady*, 734 F.Supp. at 925. These observations, along with the informants' tips, support the district court's finding that the outbuilding's "use was primarily for the marijuana grow operation, and that it was not closely associated with legitimate family activities." *Id.* at 929; *see Traynor*, 990 F.2d at 1158.

*Fourth* (visibility): As in *Dunn*, the fences on the Brady property are not sight-obstructing. *Brady*, 734 F.Supp. at 929 & n. 2. The outbuilding was easily visible from the open fields surrounding Brady's property. *See Traynor*, 990 F.2d at 1158.

Because the district court's determination that the outbuilding is not within the curtilage of Brady's house is plausible given the record, it is not clearly erroneous. *See id.* at 1158–59. There is no contention that the officers tampered with or entered the outbuilding. Because the district court did not clearly err in finding that the outbuilding is not within the curtilage, we affirm the district court's determination that no Fourth Amendment violation occurred. *See id.*

## II

■ Brady also contends that the district court erred by applying the "totality of the circumstances" test to evaluate the existence of probable cause for issuance of the search warrant. The district court's decision to apply federal law to determine the validity of the search warrant presents a question of law reviewed de novo. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Rule 402 of the Federal Rules of Evidence states that relevant evidence is admissible in a federal prosecution unless prohibited by the federal constitution, a federal statute, or the federal rules of evidence. "[T]he admissibility of evidence obtained in violation of state law turns on whether a federal right has been infringed, not on the presence or absence of federal involvement at the evidence-gathering stage of an investigation." *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1373 (9th Cir.1987).

■ Brady nevertheless argues that the district court, in evaluating whether the search warrant was supported by probable cause, should have used the stricter standard mandated by the Washington State Constitution rather than the federally-mandated totality of the circumstances approach enunciated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Brady relies on dicta in *United States v. Henderson*, 721 F.2d 662, 665 (9th Cir.1983), *cert. denied*, 467 U.S. 1218, 104 S.Ct. 2665, 81 L.Ed.2d 370 (1984), to support this argument. In *Chavez–Vernaza*, we expressly rejected this dicta. 844 F.2d at 1374. Admissibility of this evidence in federal court is to be decided by federal law. State law is irrelevant. This issue has been resolved by us, and we may not revisit it now. We hold that *Chavez–Vernaza* governs this case, and we affirm the district court's holding that the federal law totality of the circumstances test applies "to evaluate whether probable cause existed for the issuance of the warrant." *Brady*, 734 F.Supp. at 928.

## III

■ Finally, Brady argues that the district court erred in holding that there were no material omissions in the affidavit supporting probable cause. Whether probable cause is lacking because of alleged misstatements and omissions in the supporting affidavit is reviewed de novo. *United States v. Hernandez*, 937 F.2d 1490, 1494 (9th Cir. 1991).

■ Brady contends that because the supporting affidavit failed to describe the physical layout of Brady's property, the affidavit contained material omissions that misled the state judge into finding probable cause.

**180**

These omissions would only be relevant if Brady's outbuilding is within the curtilage, because only then would the state judge have erred in finding probable cause based on the information gathered from the outbuilding. As we hold, however, Brady's "detached structure was not within the curtilage of [his] home." *Calabrese*, 825 F.2d at 1350. Thus, because the outbuilding is not within curtilage, the omissions were not relevant.

AFFIRMED.