**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rafael VELARDE, Defendant–Appellant.**

No. 93–10601.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1994.

Decided June 2, 1994.

Alexander Silvert, Asst. Federal Public Defender, Honolulu, HI, for defendant-appellant.

Michael K. Kawahara, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: FARRIS, BEEZER, and RYMER, Circuit Judges.

Per Curiam.

PER CURIAM:

Two police officers observed Rafael Velarde walk rapidly through the Honolulu International Airport, abruptly change his path of travel on a few occasions, and nervously glance around as if checking for signs of

police surveillance. The officers stopped Velarde and asked him questions about his travel plans. After receiving his permission, they searched his shoulder bag and discovered approximately one kilogram of cocaine. Velarde was charged with possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). When the district court denied his motion to suppress the cocaine, Velarde entered a conditional guilty plea and appealed. He argues that the court erred in applying federal law instead of Hawaii's more stringent exclusionary rule, *see State v. Quino,* 74 Haw. 161, 840 P.2d 358 (1992), *cert. denied,* — U.S. —, 113 S.Ct. 1849, 123 L.Ed.2d 472 (1993), and in concluding that he freely consented to the questioning and the search.

We affirm the court's decision to apply federal law and its determination that Velarde voluntarily agreed to talk to the police and to let them search his shoulder bag for the reasons stated in the district court's well-reasoned opinion. *United States v. Velarde,* 823 F.Supp. 792, 794–797 (D.Haw. 1993). *See also United States v. Brady,* 993 F.2d 177, 179 (9th Cir.1993); *United States v. Ayers,* 924 F.2d 1468, 1478 (9th Cir.1991); *United States v. Chavez–Vernaza,* 844 F.2d 1368, 1374 (9th Cir.1987); *United States v. $25,000 U.S. Currency,* 853 F.2d 1501, 1504–05 (9th Cir.1988).

We need not address the court's alternative ruling that the officers would have been justified in briefly detaining Velarde without his consent, as permitted by *Terry v. Ohio,* 392 U.S. 1, 20–22, 88 S.Ct. 1868, 1879–81, 20 L.Ed.2d 889 (1968). *Velarde,* 823 F.Supp. at 797–98. We note, however, that to support a *Terry* stop, the police must identify specific facts which distinguish the suspect from the numerous innocent travelers who erratically dash through airports. *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880; *Reid v. Georgia,* 448 U.S. 438, 441, 100 S.Ct. 2752, 2754, 65 L.Ed.2d 890 (1980).

AFFIRMED.