57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark A. DOMITROVICH, Defendant-Appellant.
 No. 94-30181.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided June 15, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Domitrovich failed to make a substantial showing that Landers made any intentional or reckless misstatements or omissions in his affidavit supporting the search warrant. See United States v. Dozier, 844 F.2d 701, 705 (9th Cir.1988). Nor were the omitted facts required to prevent the affidavit from being misleading. United States v. Stanert, 762 F.2d 775, 781 (9th Cir.1985). In any event, even purged of any falsities and supplemented by the alleged omissions, the affidavit would still support a finding of probable cause. See id. at 782. No Franks hearing was required.
 
 
 3
 2. Domitrovich's Fourth Amendment rights were not implicated by the warrantless search of the lean-to. We have carefully reviewed the evidence, including the videotape, photographs and diagrams, and conclude that the district court's finding that the lean-to was outside the protected curtilage of the residence was amply supported by the record. See United States v. Brady, 993 F.2d 177, 178 (9th Cir.1993) (curtilage finding reviewed for clear error). The court properly considered the evidence in light of the four factors of United States v. Dunn, 480 U.S. 294, 300-01 (1987): (1) The lean-to was 53 feet from the house; (2) it was not within a fence or other enclosure surrounding the home; (3) Agent Landers had information that the lean-to was being used for something other than "intimate activity"; (4) Domitrovich had regularly allowed meter readers access to the area around the home, and when the officers went to the premises, the gate was open. The court properly concluded that the lean-to did not "harbor[ ] those intimate activities associated with domestic life and the privacies of the home." See id. at 301 n. 4.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3