108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Scott Joseph KREMER, Defendant-Appellee.
 No. 96-10001.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Dec. 16, 1996.
 
 Before: HUG, Chief Judge, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's order suppressing evidence obtained during a search that was authorized by an allegedly defective warrant. The alleged defect is that probable cause for the warrant was based on warrantless observations made from the curtilage of Kremer's home. Because we find that the observations were made from outside the curtilage of Kremer's home, and therefore the evidence was properly considered in determining probable cause, we reverse.
 
 
 3
 While we recognize that a determination of curtilage is essentially a question of fact that is reviewable under the clearly erroneous standard, we must reverse if we are left with a "definite and firm conviction that a mistake has been committed." United States v. Traynor, 990 F.2d 1153, 1156-57 (9th Cir.1993). We have such a conviction that a mistake has been committed.
 
 
 4
 The district court correctly looked to United States v. Dunn, 480 U.S. 294 (1987) to guide its analysis, but erred in its conclusions. Dunn directs the courts to resolve curtilage questions by referring to the following four factors: " the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." Dunn, 480 U.S. at 301. These factors are only tools to be used to the extent that they help the courts determine the "centrally relevant consideration--whether the area in question is so intimately tied to the home itself" that it is deserving of the home's Fourth Amendment protection. Id.
 
 
 5
 In analyzing the first Dunn factor, the district court found that the spot from which the agents made their observations was 60 feet away from Kremer's home. We have held that a distance of 60 feet from the home can be within the curtilage of the home. United States v. Depew, 8 F.3d 1424, 1427 (9th Cir.1993). However, we have also upheld findings that an area is not within the curtilage of the home when the distance from the home is less than 60 feet. United States v. Brady, 993 F.2d 177, 178 (9th Cir.1993) (a distance of 45 feet is outside the curtilage). Therefore, the distance of 60 feet is not dispositive.
 
 
 6
 With respect to the second Dunn factor, the district court found that the tree line created a natural enclosure surrounding Kremer's home, and because the agents were inside this enclosure when they made their observations, they were within the curtilage. In holding that the chicken wire fence enclosing the house and the barn did not necessarily mark the endpoint of the curtilage, the district court relied on Dunn 's explicit rejection of a "first fence" rule.
 
 
 7
 While we agree that there is no bright line "first fence" rule, the first fence may still define the boundaries of curtilage. In fact, we believe that the first fence is highly relevant, though not dispositive, in the curtilage determination. See Dunn, 480 U.S. at 301 n. 4 ("[f]encing configurations are important factors in defining the curtilage"). The ultimate question we must ask is whether "the area in question harbors those intimate activities associated with domestic life and the privacies of the home." Id. at 301 n. 4. These intimate activities are much more likely to occur within the first enclosure than in a second or third enclosure. This is most evident in the present case.
 
 
 8
 In discussing the second factor, Dunn reasoned that the boundaries of curtilage will usually be "clearly marked" and will be "easily understood from our daily experience." Dunn, 480 U.S. at 302 (quoting Oliver v. United States, 466 U.S. 170, 182 n. 12 (1984). The area enclosed by the chicken wire fence, which included Kremer's home, a garden and a hot tub, is such a place that is easily understood to be used for the intimate activities of the home. The same cannot be said for the area in-between the fence and the woods because it cannot be conveniently accessed from the home and because there is no apparent reason to go there.
 
 
 9
 To reach the spot where the agents made their observations, Kremer would either have to scale the fence or walk north to the gate and then return south along the narrow strip of land between the fence and the woods. Once there, few, if any, intimate activities associated with the home are likely to take place because the area is so narrow--the district court found that the strip of land was only one foot wide at its narrowest and only two yards wide at its widest--and it is bounded by thick brush on one side and a wire fence on the other. This narrow strip of land outside of the chicken wire fence is hardly a place which is "easily understood from our daily experience" to be a place where intimate activities of the home occur. Dunn at 302.
 
 
 10
 With respect to the third Dunn factor, the district court mistakenly relied on Depew for the proposition that there must be strong objective evidence that the area in question is not being used for intimate activities of the home. Dist.Ct. Opinion at 23. In the absence of such evidence, the district court determined there can still be a finding of curtilage, even if there is no evidence that the area is being used for intimate activities of the home. Id. This reliance is misplaced. We recognize that in Depew, we determined that the area in question was curtilage, in part because there was no objective evidence indicating that the area was being used for illegal purposes. Depew, 8 F.3d at 1427. However, the area in question in Depew, a portion of the Depew's driveway, six feet away from the garage and 60 feet from the home, objectively appeared to be within the curtilage of Depew's home. Depew, 8 F.3d at 1425; see Los Angeles Police Protective League v. Gates, 907 F.2d 879, 885 (9th Cir.1990) (if a garage is not an extended distance from the home, it is part of the curtilage); United States v. Basile, 569 F.2d 1053, 1056 (9th Cir.), cert. denied, 436 U.S. 920 (1978) (a residential driveway is within the curtilage of the home). Thus, because there was no evidence refuting the objective appearance that this area on Depew's driveway was curtilage, it was proper to find that the area was in fact within the curtilage of Depew's home. Such is not the case here. As the district court acknowledged, there was no objective evidence showing that the area between the chicken wire fence and the tree line was used for "intimate domestic activities." Dist.Ct. Opinion at 23. Thus, there is no need for additional evidence to prove what is already evident--that the area between the chicken wire fence and the woods is not a place where intimate activities of the home take place.
 
 
 11
 The proper focus under Dunn is whether there is objective evidence indicating that the area in question was being used for intimate activities of the home. If there is no such evidence, the area cannot be curtilage. We note the language from Dunn that it was "especially significant" that the government had objective data indicating that the area was not being used for intimate activities of the home. Dunn, 480 U.S. at 302. However, we do not read Dunn as requiring such data in order to find that an area is outside the curtilage. Rather, affirmative data showing that the area is being used for purposes other than intimate activities of the home is "especially significant" because it compels a finding that the area is not used for the intimate activities of the home. Such data should be treated as additional proof that the area is not being used for intimate activities of the home, but it should not be seen as required proof.
 
 
 12
 Turning to the fourth Dunn factor, we cannot quarrel with the district court's finding that Kremer took steps to protect his property from observation by people passing by. However, intent to maintain privacy "does not necessarily establish a constitutionally protected area of privacy." United States v. Van Damme, 48 F.3d 461, 464 (9th Cir.1995). Because the second and third Dunn factors weigh so heavily against a finding of curtilage in this case, Kremer's effort to keep his property private is not enough for us to uphold the finding of curtilage.
 
 
 13
 In reaching our conclusion today, we are mindful of the district court's considerable efforts in deciding this issue, particularly the in-person visit to Kremer's property, and we give added deference to the court's findings for this reason. However, this added deference does not preclude us from reversing what we deem to be a clearly erroneous finding. The narrow strip of land between the chicken wire fence and the thick woods is simply not an area that harbors intimate activities associated with the home and therefore cannot be deemed to be part of the curtilage of Kremer's home.
 
 
 14
 REVERSED.
 
 
 15
 HUG, Chief Judge, Dissenting.
 
 
 16
 Because we must review the district judge's suppression order under the clearly erroneous standard, I cannot agree with the majority's decision to reverse. The district judge personally viewed the site; we have not. Curtilage determinations are inherently fact-based, and in light of the district judge's personal observation of the site, and his heavy reliance upon this observation, I cannot say with a firm conviction that the district judge clearly erred in making this factual finding. Accordingly, I dissent.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3