UNITED STATES of America,
Plaintiff—Appellee,

v.

Yonsi Jacob HENRIQUEZ–CASTILLO,
Defendant—Appellant.

No. 08–10191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Jan. 8, 2009.

Paul V. Rood, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Yonsi Jacob Henriquez–Castillo ("Henriquez") appeals from his conviction for being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). He contends that the district court erred in denying his motion to dismiss the indictment because he was not indicted within the time required by the Speedy Trial Act ("STA"). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

Henriquez was arrested by the Mesa Police Department ("MPD") on a state weapons charge on September 7, 2007. The MPD contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for a possible federal firearms violation. The case was then investigated by the joint ATF/MPD Violent Crime Impact Team.[1] The state charges were re-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Henriquez also had an outstanding deportation warrant issued against him by the Bureau of Immigration and Customs Enforcement.

solved on Friday, September 21, 2007, and ATF was informed that Henriquez would be released from state custody. A federal warrant was issued upon a complaint, and federal authorities requested that Henriquez be held until Monday, September 24. Henriquez's release from state custody was delayed, however, because, due to incomplete paperwork, the state charge on which Henriquez was arrested was not dismissed until September 26. On September 27, ATF was advised that Henriquez was ready to be transferred to federal custody. He was taken into federal custody on federal charges on September 28. He was indicted on October 24.

Henriquez moved to dismiss the indictment based on the government's alleged failure to indict him within 30 days of his arrest, as required by the STA. *See* 18 U.S.C. § 3161(b) ("Any ... indictment ... shall be filed within thirty days from the date on which such individual was arrested ...."). The issue turns on whether Henriquez was arrested for purposes of the STA on September 21, as he contends, or on September 28, as the government contends. Although Henriquez was not formally arrested by federal authorities until September 28, there is a judicially recognized "collusion" exception to the STA the purpose of which, as the district court recognized, is to prevent "a ruse for the purpose of denying him speedy trial rights, or that the federal authorities were acting with a deliberate intent to deny those rights." The district court found that Henriquez "was arrested and held on legitimate state charges" and that those charges "were not finally resolved until ... September 26th."

We review "factual findings concerning the [STA] for clear error and questions of law regarding its interpretation de novo." *United States v. Benitez,* 34 F.3d 1489, 1493 (9th Cir.1994). The presence or absence of collusion is a question of fact that we review for clear error. *United States v. Pena–Carrillo,* 46 F.3d 879, 883 (9th Cir.1995).

Henriquez was held in state custody on legitimate state charges until September 26, 2007. It was not until September 27 that the state finally informed ATF that Castillo was available for transfer to federal custody. The fact that, as Henriquez argues, ATF was involved in the early stages of the investigation of Henriquez does not mean that he was under federal arrest for STA purposes. *See United States v. Adams,* 694 F.2d 200, 202 (9th Cir.1982) ("[R]egardless of the degree of *federal* involvement in a state investigation and arrest, only a federal arrest will trigger the running of the time period set forth in ... § 3161(b)."); *see also United States v. Contreras,* 63 F.3d 852, 855 (9th Cir.1995). We conclude that the district court's finding that there was no collusion between local authorities and ATF is not clearly erroneous.

Because the indictment against Henriquez was filed on October 24, 2007, within 30 days of his federal arrest on September 28, the district court did not err in denying his motion to dismiss the indictment for the government's failure to comply with § 3161(b) of the STA.

**AFFIRMED.**