**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50250 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03044-WQH-43 |
| v. | |
| KEVIN LUIS, AKA Listo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 6, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Defendant Kevin Luis ("Defendant") pled guilty by way of a conditional

plea agreement to conspiracy to distribute methamphetamine in violation of 21

U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He appeals from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of his motions to suppress evidence derived from the recording of conversations Defendant had with a confidential informant ("CI-1") and from the Government's use of wiretaps. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

This court reviews de novo the denial of a motion to suppress. *United States v. Peterson*, 353 F.3d 1045, 1048 (9th Cir. 2003). "The factual findings underlying the denial are reviewed for clear error." *Id.*

**1.** Defendant was not entitled to suppression of the recordings of his conversations with CI-1 because the Government recorded Defendant's conversations with CI-1 with CI-1's consent. This is specifically permitted under 18 U.S.C. § 2511(2)(c), which provides that "[i]t shall not be unlawful . . . for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." The Government's conduct also conforms with the Fourth Amendment. *See United States v. White*, 401 U.S. 745, 749 (1971) (citing *Hoffa v. United States*, 385 U.S. 293 (1966)). Nor is Defendant entitled to suppression under California law

---

[1] Defendant also has a pending request to file portions of his excerpts of record under seal. That request is DENIED.

2

because "evidence obtained from a consensual wiretap conforming to 18 U.S.C. § 2511(2)(c) is admissible in federal court proceedings without regard to state law." *United States v. Adams*, 694 F.2d 200, 201-02 (9th Cir. 1982). Finally, to the extent Defendant attempts to challenge § 2511(2)(c) on vagueness grounds, we reject his argument because the statute clearly covers the recordings here. *See United States v. Martinez*, 49 F.3d 1398, 1403 (9th Cir. 1995).

**2.**     Defendant also is not entitled to suppression of the evidence derived from the Government's use of wiretaps. Pursuant to 18 U.S.C. § 2518(10)(a), "[a]ny aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom . . . ." An aggrieved party is one "who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1116 (9th Cir. 2005) (internal citations, quotation marks, and emphasis omitted). "The Supreme Court has interpreted these provisions as limiting standing to challenge wiretaps to persons whose Fourth Amendment rights were violated by the interception." *Id.* Defendant lacks standing to challenge the interceptions in this case because he was not named in any of the applications and none of his phone calls were intercepted

pursuant to a Title III authorization. Instead, all of Defendant's conversations were properly intercepted without judicial authorization pursuant to CI-1's consent.

**AFFIRMED.**